

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Charles F. Hemphill
County Auditor
Upton County
Rankin, Texas

Dear Sir:

Opinion No. 0-4882
Re: Allowable deduction for
traveling and auto expenses
made by county officials.

Your letter of September 23, 1942, requesting the opinion of this department, reads as follows:

"An Opinion is herein sought bearing on Allowable deduction for traveling and auto expenses or auto depreciation claimed against the County for having been paid by the County Judge, County Clerk and County Attorney.

"For such deductions I am demanding that proof be furnished that such deductions, were actual and necessary - and that receipted bills be furnished to substantiate such expenses and that a division be made between traveling in and around the County and traveling between the residence and the Court House.

" . .. . "

In connection with your request, we are unable to furnish you an opinion which, under the facts submitted, passes upon the allowance of traveling and auto expenses or auto depreciation incurred by the County Judge and County Clerk. We have not been furnished with a copy of the order of the Commissioners' Court allowing such expenses nor are we able to determine from your request that such officials in their claim for expenses, presumably under Article 3899(b), Vernon's Annotated Civil Statutes, under which we assume such expenses are claimed, have complied with the provisions of such statute. We therefore confine this opinion to such traveling expenses as claimed by the County Attorney, assuming that the conditions of Article 3899(b) have been complied with by such officer.

In an opinion rendered by this department, being 0-3670, approved July 3, 1941, we held that the Commissioners' Court of Smith County would have authority to allow the County Attorney reasonable necessary traveling expenses for attending justice courts of the County and that the method of computation of such expenses allowed, if any, would be for the Commissioners' Court to determine in their sound discretion.

Your attention is called to our opinion 0-332, dated March 3, 1939, a copy of which is hereto attached, in which we set forth and construed Article 3899(b) of said statute.

Under the opinions above cited, it is presumed that any order allowing such expenses does not reach out and include items incurred by the County Attorney in the use of his car while traveling to and from his residence and the courthouse or courthouse and residence.

The County Auditor is charged with auditing and approving such expense accounts, in support of which he may require invoices and requisitions and if it appears that any item shown on the sworn monthly report was not incurred by such officer or was not a necessary or legal expense of such office or purchased upon proper requisition provided by him, the Auditor is required to reject such items.

It is therefore the opinion of this department that in auditing a monthly sworn report of traveling expense allowed the County Attorney under Article 3899(b), Vernon's Annotated Civil Statutes, the County Auditor is required to disapprove any item which he has reasonable grounds to believe was incurred in traveling by automobile between the courthouse and said officer's home.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
     Wm. J. R. King
        Assistant

WJRK:mp:mjs
Encl.

APPROVED OCT 7, 1942
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN